UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DICKEY<br>AS-6265,<br><br>                                              Plaintiff,<br><br>v.<br><br>GILBERT MENDOZA; WARDEN OF STATE PRISON,<br><br>                                              Defendants. | Case No.:  3:17-cv-00206-WQH-AGS<br><br>**ORDER:**<br><br>**1)  GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a) (ECF No. 2)**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d)<br>AND Fed.R.Civ.P. 4(c)(3)** |

Gary Dickey ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility located in San Diego, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1).  Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## I. Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if a prisoner, like Plaintiff, is granted leave to proceed IFP, he remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statement, which shows that he has a current available balance of zero. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP **(ECF No. 2)** and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated will be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.  Initial Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.; see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, the Court finds allegations in Plaintiff's Complaint which are sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Accordingly, the Court will direct the U.S. Marshal to effect service on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed.R.Civ.P. 4(c)(3) ("[T]he

court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

### III.   Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) **(ECF No. 2)** is **GRANTED**.

2. The Secretary of the CDCR, or his designee, shall collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Scott Kernan, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4. The Clerk is **DIRECTED** to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants and forward it to Plaintiff along with blank U.S. Marshal Form 285s for each named Defendant. In addition, the Clerk is directed provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint (ECF No. 1) and the summons so that he may serve each named Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.

/ / /

/ / /

5. Upon receipt, the U.S. Marshal is **ORDERED** to serve a copy of the Complaint and summons upon the named Defendants as directed by Plaintiff on the USM Form 285s. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed.R.Civ.P. 4(c)(3).

6. Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

7. Plaintiff must serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff must include with the original paper to be filed with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of the document was served on the Defendants, or counsel for Defendants, and the date of that service. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

Dated: February 9, 2017

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court