UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DICKEY,<br><br>       Plaintiff,<br><br>v.<br><br>GILBERT MENDOZA, et al.,<br><br>       Defendants. | Case No.: 17-cv-0206-WQH-AGS<br><br>**ORDER REGARDING DICKEY'S LETTERS**<br>**(ECF Nos. 17, 19, 22, 24, 28, 31)** |

Dickey has not been shy about writing the Court about his concerns. (*See* ECF Nos. 17, 19, 22, 24, 28, 31.) In his latest missives, Dickey raises three distinct requests, which may be construed as motions to: (1) conduct legal research on Proposition 57 for him, (2) appoint counsel for him, and (3) extend his response deadline to defendant's motion to dismiss.

**A.**  **Legal Research**

Dickey's request for the Court to conduct legal research on his behalf (ECF No. 28) is improper and is therefore **DENIED**. The Court may not "inject itself into the adversary process on behalf of" any litigant. *Jacobsen v. Filler*, 790 F.2d 1362, 1365 (9th Cir. 1986); *see also id.* at 1365 n.5 (warning that the "trial court is under no obligation to become an 'advocate' for or to assist and guide the *pro se* layman through the trial thicket") (citations omitted).

1

B.  **Appointed Counsel**

This Court previously denied Dickey's request to appoint him counsel because he failed to show extraordinary circumstances. (ECF No. 13.) While Dickey re-asserts that he has a severe mental illness and is on prescription medication (*see, e.g.*, ECF No. 19, at 1), he again failed to attach any supporting documentation and he still seems able to articulate the facts of his claim. *See Meeks v. Nunez*, Case No. 13cv973-GPC(BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017) ("An incapacitating mental disability may be grounds for appointment of counsel in some cases, but a plaintiff making that argument must present substantial evidence of incompetence.") (citation omitted). Thus, the renewed requests for appointed counsel (ECF Nos. 17, 19, 22, 31) are **DENIED**.

C.  **Response Deadline**

Finally, Dickey's last letter may be construed, in part, as a motion to extend his response deadline. But Dickey already filed a timely response to defendant's motion to dismiss. (*See* ECF Nos. 20, 26.) In fact, Dickey even filed a second response, which the Court accepted although it was filed almost two weeks after the deadline and Dickey never received authorization for supplemental briefing. (*See* ECF Nos. 32–33.) Thus, Dickey's motion for an extension of time (ECF No. 31) is **DENIED** as moot.

Dated: October 31, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge