UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DICKEY,<br><br>                             Plaintiff,<br><br>v.<br><br>GILBERT MENDOZA, et al.,<br><br>                            Defendants. | Case No.: 17-cv-0206-WQH-AGS<br><br>**REPORT AND RECOMMENDATION GRANTING DEFENDANT'S DISMISSAL MOTION (ECF No. 11)** |

Plaintiff, a prisoner, alleges that a correctional officer assaulted him. Plaintiff's civil-rights complaint sets forth numerous facts against that officer, but none against the other named defendant: the prison warden. The warden now moves to dismiss, and this Court recommends granting that motion.

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failing to allege enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing a complaint's sufficiency, the court must assume all factual allegations as true and construe them in the light most favorable to the nonmoving party. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016). Although Rule 8 "does not require 'detailed factual allegations' . . . it

[does] demand[] more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 662 at 678 (citation omitted).

Plaintiff Gary Dickey's complaint contains no factual allegations whatsoever against the prison warden, D. Paramo. (*See* ECF No. 1.) And Dickey has not uncovered any such facts hiding in the complaint. Rather, Dickey offers new facts in his opposition papers. While these late-breaking allegations cannot save the current complaint, they do suggest that Dickey wants an opportunity to amend his complaint.

A pro se plaintiff proceeding in forma pauperis, like Dickey here, is entitled to an "opportunity to amend the complaint to overcome [any] deficiency unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment." *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000) (citations omitted). Although Dickey concedes that Warden Paramo "may have not been involved person[a]lly when [he] was being slam[m]ed around by C/O Mendoza" (ECF No. 33, at 1), Dickey may be able to establish the Warden's liability on some other theory. *See, e.g.*, *Starr v. Baca*, 652 F.3d 1202, 1206–07 (9th Cir. 2011) (discussing supervisor liability in the § 1983 context). He should be given at least one opportunity to do so.

Thus, the Court recommends that the Warden's motion to dismiss be **GRANTED**, but that Dickey be given 14 days to file an amended complaint to address the identified deficiencies. The parties must file any objections to this report within 14 days of being served with it. *See* Fed. R. Civ. P. 72(b)(2). A party may respond to any objection within 14 days of receiving it. *Id.*

Dated: October 31, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge